**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kathleen Hoskins, | ) | No. CV-06-1475-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Metropolitan Life Insurance Co., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The court has before it plaintiff's application for attorney fees and costs (doc. 77), supporting memorandum (doc. 78), and affidavit of Eric G. Slepian (doc. 79). The court also has before it defendant Metropolitan Life Insurance Co.'s ("MetLife") response (doc. 80), defendant Travelers' response (doc. 81), and plaintiff's reply (doc. 84).

Plaintiff brought this ERISA action challenging the termination of benefits under a long-term disability plan and seeking statutory penalties. Plaintiff's former employer, defendant Travelers, is the plan administrator; defendant MetLife is the plan issuer and the claims administrator. In our order of March 6, 2008, we denied defendants' motions for summary judgment, remanded plaintiff's disability claim for redetermination by MetLife, and assessed statutory penalties against Travelers for withholding plan documents. Plaintiff seeks $49,975 in fees and $480.22 in costs. Pursuant to 29 U.S.C. § 1132(g)(1), we have discretion to award fees and costs in an action by a plan participant to either party.

ERISA plaintiffs "should be entitled to a reasonable attorney's fee if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Smith v. CMTA–IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984). Plaintiff brought this action to reopen her long-term disability claim and for statutory penalties. She succeeded on both counts. We concluded that MetLife erred in terminating her claim before she was provided plan documents and remanded for redetermination, and we assessed statutory penalties against Travelers for withholding those documents in violation of ERISA.

Relying on Flanagan v. Inland Empire Electrical Workers Pension Plan and Trust, 3 F.3d 1246 (9th Cir.), MetLife contends that plaintiff is not entitled to fees because she has not shown that she is entitled to benefits. In Flanagan, the court reversed summary judgment for defendants on statute of limitations and standing grounds and remanded for further proceedings. Id. at 1253–54. The court concluded that fees were "inappropriate" at that time because plaintiffs had not "established a right to benefits nor shown that the plan or its fiduciaries violated ERISA." Id. at 1254.

But this case is unlike Flanagan. When the court found fees "inappropriate" in Flanagan, plaintiffs had merely achieved a favorable procedural ruling that allowed their ERISA claim to return to district court. Here, our award of statutory penalties and remand for redetermination "terminate[d] the action with victory for plaintiff." Shalala v. Schaefer, 509 U.S. 292, 301, 113 S. Ct. 2625, 2631 (1993) (describing Social Security remands where the district court does not retain jurisdiction); see also White v. Jacobs Eng'g, 896 F.2d 344, 352 (9th Cir. 1989) (remanding disability claim to plan appeals board for adjudication on the merits and instructing district court to award fees immediately). This action is terminated. If plaintiff is aggrieved on remand, a new action will be required.

For these reasons we reject MetLife's contention that plaintiff is not a "prevailing party," as well as plaintiff's suggestion to withdraw his application without prejudice to refile within thirty days of the benefits redetermination. Final judgment has been entered in this action, and therefore all that is left is the prompt resolution of the fee dispute before us.

- 2 -

1    Plaintiff has failed to comply with the Local Rules of the United States District Court
2 for the District of Arizona governing applications for fees and costs. Under LRCiv 54.1(a),
3 a party entitled to costs must, within 10 days of judgment, "file with the Clerk of Court and
4 serve upon all parties, a bill of costs on a form provided by the Clerk." Plaintiff's counsel
5 admittedly overlooked the rule and included the request for costs in the present motion. No
6 prejudice to the defendants having been shown, plaintiff may submit a bill of costs in
7 accordance with LRCiv 54.1, no later than ten days after the entry of this order.

8    Plaintiff also has not fully complied with the procedures for filing a request for fees.
9 Plaintiff timely filed a motion pursuant to LRCiv 54.2(b)(1). However, the supporting
10 documentation did not include the "statement of consultation" required by LRCiv 54.2(d)(1),
11 which should describe at least a good faith attempt to resolve the issue of fees with opposing
12 counsel, nor did it include the fee agreement disclosure as required by LRCiv 54.2(d)(2).
13 We also note that plaintiff's requested fees are improperly calculated with an "enhancement
14 multiplier," which is not used with contingency fee arrangements in ERISA cases.
15 McElwaine v. US West, Inc., 176 F3d 1167, 1173 (9th Cir. 1999).

16    While plaintiff's sloppy practices are inexcusable, we do not wish to prolong these
17 proceedings and require even more expenditure of fees. Defendants have carefully addressed
18 the merits and thus are not unduly prejudiced by our consideration of fees at this time. Many
19 of defendant's objections are well taken. Plaintiff's failure to comply with LRCiv 54.2
20 makes it difficult to evaluate the fee request.

21    Nevertheless, plaintiffs in ERISA litigation "who prevail on significant issues are
22 generally entitled to reasonable attorney fees," especially where, as here, "the opposing party
23 is well situated to satisfy an award of fees." White, 896 F.2d at 352. We have considered
24 defendants' contentions regarding reasonableness. Exercising our discretion, we conclude
25 that a reasonable fee in this case is $10,000 ($200 per hour times 50 hours).

1    Accordingly, **IT IS HEREBY ORDERED GRANTING** plaintiff's motion for an
2 award of attorney fees against the defendants jointly and severally in the amount of $10,000
3 (doc. 77).  Plaintiff may submit a bill of costs in accordance with LRCiv 54.1, no later than
4 ten days after the entry of this order.

5    DATED this 3rd day of June, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -